IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PHYLLIS E. NORRIS, )<br>*Administratrix of the Estate of* )<br>*Chester Cecil Norris,* )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>EXCEL INDUSTRIES, INC., )<br> )<br>Defendant. )<br> ) | Civil Action No.: 5:14-cv-00029<br><br>By: Hon. Michael F. Urbanski<br>      United States District Judge |

## MEMORANDUM OPINION

Before the court is plaintiff Phyllis Norris' ("Norris") Motion for Reconsideration, ECF No. 119, of the magistrate judge's order determining certain documents disclosed by Excel Industries Inc. ("Excel") as confidential under the protective order entered in this case. The matter has been fully briefed, and the parties did not request oral argument on the motion. For the reasons that follow, plaintiff's motion is **DENIED**.

I.

In November 2014, defendant Excel Industries, Inc. filed a Motion for Non-Sharing Protective Order, ECF No. 35. Norris did not file an opposition. Non-dispositive motions in this case were referred to United States Magistrate Judge James G. Welsh under 28 U.S.C. § 636(b)(1)(A). The magistrate judge held a hearing on the motion and entered a protective order, ECF No. 40, allowing the parties to designate discovery materials as "CONFIDENTIAL" or "CONFIDENTIAL – HEIGHTENED PROTECTION" if the materials met certain criteria. Under the protective order, materials labeled "CONFIDENTIAL" include materials that are "confidential, proprietary and/or constitute[] a trade secret and which implicates common law and/or statutory business or privacy interests of the producing party" and "confidential research, development, or commercial

information." ECF No. 40 at *2 (internal quotation marks omitted). In order to designate materials as confidential, the designating party must have a good faith belief that the materials are, in fact, confidential as defined by the protective order. The non-designating party may then challenge the confidentiality of discovery material, and the designating party bears the burden of showing "good cause exists" for the material to be treated as confidential. Id. at *6. The protective order was entered on November 14, 2014, and Norris did not file any objections.

Months later, Norris objected to Excel's designation of various documents and answers to interrogatories as confidential. Excel filed a motion asking the court to determine the confidentiality of the challenged documents, the parties briefed the issue, and the magistrate judge held a hearing on the motion. The magistrate judge granted Excel's motion finding that "Excel has established good cause to support the confidential designations challenged by Plaintiff pursuant to the Protective Order in this matter." ECF No. 101 at *1. Norris asks the court to reconsider the magistrate judge's ruling.

## II.

Norris objects to the magistrate judge's ruling on a number of grounds. First, Norris argues that the magistrate judge "never made the requisite 'good cause' determination with respect to any categories of documents" in the umbrella protective order. ECF No. 119 at *7. Second, Norris claims that the other similar incidents information designated as confidential by Excel does not fit into any of the protected categories. Finally, Norris asserts that the magistrate judge failed to require Excel to establish good cause for its designations as set forth in the protective order and applied the wrong legal standard in his ruling on Excel's motion to determine the confidentiality of the documents. In opposition, Excel argues that the magistrate judge did find good cause for the categories in the umbrella protective order, and the magistrate judge thoughtfully considered the

2

challenged documents, the categories in the umbrella protective order, and controlling case law before finding that Excel had established good cause for its designations.

### III.

### A.

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a magistrate judge's ruling on a nondispositive matter within fourteen days of the order. A magistrate judge's nondispositive ruling will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1). A ruling is clearly erroneous if it is supported by evidence, but a review of the entire evidence leaves the court "with the definite and firm conviction that a mistake has been committed." Minyard Enters., Inc. v. Se. Chem. & Solvent Co., 184 F.3d 373, 380 (4th Cir. 1999). If an order "'fails to apply or misapplies relevant statutes, case law, or rules of procedure,'" it is contrary to law. Buford v. Ammar's Inc., No. 1:14cv00012, 2014 WL 753083, at *1 (W.D. Va. Nov. 24, 2014) (quoting United Mktg. Solutions, Inc. v. Fowler, No. 1:09-CV-1392-GBL-TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011)).The court accords "considerable deference" to the magistrate judge's decisions on discovery matters. Id. (citing In re Outside Wall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010)).

To the extent that Norris argues the magistrate judge never made a finding that good cause exists to protect each category of information, such argument is untimely and waived. Rule 72 permits a party to object to a magistrate judge's nondispositive ruling within fourteen days of entry of the order. Fed. R. Civ. P. 72(a). The magistrate judge entered the protective order in this case on November 14, 2014. While Norris raised the issue before the magistrate judge after Excel filed its motion for determination of confidentiality, she did not note any objection to the protective order until she filed her present motion for reconsideration on May 29, 2015. Accordingly, Norris' failure to timely object to the protective order waived her right of review of the magistrate judge's finding

3

of good cause for the protective order's designated categories. See Solis v. Malkani, 638 F.3d 269, 274 (4th Cir. 2011).

B.

Rule 26(c) of the Federal Rules of Civil Procedure permits the court to issue a protective order upon a showing of good cause. An umbrella protective order identifies categories of documents subject to protection and may be utilized when parties to litigation anticipate discovery to be voluminous. Accordingly, the umbrella protective order has "become a common feature of complex litigation in the federal courts" and is meant to "'expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication.'" Minter v. Wells Fargo Bank, N.A., Civil Nos. WMN-07-3442, WMN-08-1642, 2010 WL 5418910, at *3 (D. Md. Dec. 23, 2010) (quoting Manual for Complex Litigation § 11.432 (4th ed. 2010)). Before entering an umbrella protective order, the court must find "good cause exists to protect each category" of documents described in the order. United States ex rel. Davis v. Prince, 753 F. Supp. 2d 561, 566 (E.D. Va. 2010). Then the parties "may designate whether discovery materials fall within any of the enumerated good cause categories set forth in the protective order," and, in the event that a party challenges an opposing party's designation of a particular document, "the party seeking to avoid disclosure has the burden of persuading the court that the designated material falls within a particular good cause category." Id. at 566-67.

The protective order entered in this case is an umbrella protective order that identifies specific categories of information which may be designated as confidential. Under the protective order, "information that is confidential, proprietary and/or constitutes a trade secret and which implicates common law and/or statutory business or privacy interests of the producing party" may be designated as confidential. Other information subject to the protective order includes "confidential research, development, or commercial information." ECF No. 40 at *2. The protective

4

order also describes another category of information subject to protection: certain financial information which carried even narrower disclosure guidelines. Id. at *3-4. Before designating any material as "CONFIDENTIAL," the designating party must possess a "good faith belief that the information" falls into one of those categories. If information designated as confidential is challenged, the designating party bears the burden of showing good cause that the disputed information fits within one of the categories delineated by the protective order. Id. at *6.

## C.

The magistrate judge's finding of good cause to support Excel's confidential designations was not clearly erroneous or contrary to law. The issue was extensively briefed and argued, and the magistrate judge plainly concluded that Excel had "established good cause to support the confidential designations challenged by plaintiff pursuant to the Protective Order entered in this matter." ECF No. 101 at *1. None of Norris' arguments persuade the court that this determination was clearly erroneous or contrary to law.

Relying largely on the district court opinions in Minter and Davis, Norris argues that the court erred in its good cause determination. Neither case supports Norris's argument. In Davis, the plaintiffs objected to the magistrate judge's entry of a broadly worded protective order that allowed the parties to designate any discovery material as confidential. The magistrate judge's order did not provide any categories of information considered confidential. Davis, 753 F. Supp. 2d at 564-65. On review, the district court noted that before a court may enter a protective order under Rule 26(c) the court must find "'specific prejudice or harm will result if no protective order is granted.'" Id. at 565 (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The Davis court held that the protective order violated Rule 26(c) because it "delegate[ed] the good cause determination to the parties, thereby erasing the rule's requirement that there be a judicial determination of good cause." Id. at 567. The court explained that the order should have used

5

categories in order to leave the good cause determination to the court at the outset. Id. Thus, the proper consideration for the court when a party challenges material designated as confidential under an umbrella protective order is whether the designating party has shown "the designated material falls within a particular good cause category." Id. at 566. The Davis court required the good cause determination, i.e., a showing of specific harm or prejudice, in order to issue a protective order, not to determine whether the challenged material falls within a particular category.[1]

In Minter, the parties did have a protective order outlining specific categories of information as confidential. However, the Minter court found that the defendants in that case violated their duty to "conduct a 'good faith' review required under the Confidentiality Order" when they designated over 52,000 documents as confidential. Minter, 2010 WL 5418910 at *3, *7. This case is a far cry from Minter, and there is no suggestion that Excel has broadly over designated documents as falling within the good cause categories designated in the protective order. Indeed, in this case, Excel removed the confidential designation from many documents following a request from Norris.

Norris also argues that the magistrate judge ignored the express terms of the protective order because paragraph 11 of the order required the magistrate judge to find good cause existed for Excel's designation by a showing of specific prejudice or harm. This argument too is unavailing.

Paragraph 11 of the protective order provides that a designating party must file a motion requesting the court to determine whether any disputed material "should be subject to the terms of this Protective Order." ECF No. 40 at *6. The order explains further: "In connection with a motion filed under this provision, the party designating the information as 'CONFIDENTIAL' or 'CONFIDENTIAL – HEIGHTENED PROTECTION' shall bear the burden of establishing that good cause exists for the disputed information to be treated as designated." Id. Norris' reading of

---

[1] The Davis court explicitly rejected the notion that the entry of an umbrella protection order merely postpones the good cause determination until after a party challenges a designation. See Davis, 753 F. Supp. 2d at 567 n.6 (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1307 (11th Cir. 2001)).

6

paragraph 11, however, completely ignores paragraph 3 which sets forth the categories of material that a party may designate as confidential. Standard rules of contract and statutory interpretation require the court to "give meaning and effect to every part of the [protective order], rather than leave a portion of the [protective order] meaningless or reduced to mere surplasage." Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1127 (4th Cir. 1993); Virginia v. Browner, 80 F.3d 869, 877 (4th Cir. 1996). Further, Norris' interpretation of the protective order would run afoul of Rule 26 just like the protective order in Davis, essentially leaving the initial confidential designation up to the parties and then requiring the court to "determine whether good cause exists to maintain the designation." Davis, 753 F. Supp. 2d at 567. As the Davis court said,

> Under Rule 26(c), a district court may issue a protective order only upon a finding of good cause. Yet, this does not mean that a district court must determine good cause on a document-by-document, or transcript-page-by-transcript-page, basis. Instead, a magistrate judge or district judge may issue an order protecting specifically delineated categories of documents upon a showing that good cause exists to protect each category. . . . Under this type of "umbrella" order, the parties are authorized to designate whether discovery materials fall within any of the enumerated good cause categories set forth in the protective order. . . . In the event that a party's designation of a particular document is challenged by the opposing party, the party seeking to avoid disclosure has the burden of persuading the court that the designated material falls within a particular good cause category.

Id. at 566. Thus, the "good cause" required by the protective order exists if the challenged material falls within a particular category. The magistrate judge, after reviewing briefs filed by the parties, the discovery materials in question, the protective order, and hearing oral argument, concluded that Excel had "established good cause to support the confidential designations challenged by plaintiff pursuant to the Protective Order entered in this matter." ECF No. 101 at *1. In no respect can the court conclude that this ruling was clearly erroneous or contrary to law.

7

**D.**

Finally, Norris objects to the magistrate judge's determination that information regarding other similar incidents disclosed by Excel in its supplemental answers to interrogatories should remain confidential under the protective order. The crux of Norris' argument in her motion to reconsider is much the same as it was before the magistrate judge, namely that the public has an interest in these other similar incidents. The public interest inquiry, however, is an inherent aspect of the court's initial good cause determination for entering a protective order. See Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002)).[2] Norris' reliance on In re Agent Orange Product Liability Litigation, 821 F.2d 139 (2d Cir. 1987), is unpersuasive. First, In re Agent Orange was decided prior to the amendment to Federal Rule of Civil Procedure 5(d) in 2000 eliminating the requirement for parties to litigation to file all discovery materials with the court. See Advisory Committee Notes to Fed. R. Civ. P. 5, 2000 Amendment. Second, even the Agent Orange court recognized the good cause inquiry takes the public interest into account. In re Agent Orange, 821 F.2d at 145. Thus, the magistrate judge was required to consider the public interest in access to this information before entering the protective order in the first place. The magistrate judge then determined good cause existed to support the defendant's designation of this information as confidential by concluding that the specific material at issue fell within a good cause category under the protective order. As the magistrate judge's determination was not clearly erroneous or contrary to law, Norris' objection is overruled.

---

[2] Furthermore, these documents have not been submitted along with any dispositive motions thereby diminishing the public interest in their disclosure even more as there is no common law right of public access to the "raw fruits of discovery." In re Policy Mgmt. Sys. Corp., Nos. 94-2254, 94-2341, 67 F.3d 296, 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995) (unpublished table decision) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)); Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988).

## IV.

For the foregoing reasons, Norris's objections to the magistrate judge's order are without merit, and the court finds no other indication that the magistrate judge's nondispositive ruling was clearly erroneous or contrary to law. As such, Norris's Motion for Reconsideration, ECF No. 119, is **DENIED**. An appropriate Order will be entered this day.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record.

Entered: July 20, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge