IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PHYLLIS E. NORRIS, ) | |
| Administratrix of the Estate of ) | |
| CHESTER CECIL NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 5:14-cv-29 |
| v. ) | |
| ) | |
| EXCEL INDUSTRIES, INC., ) | By: Robert S. Ballou |
| ) | United States Magistrate Judge |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, administratrix of the estate of Chester Cecil Norris, her husband, filed this wrongful death action against Defendant, Excel Industries, Inc., for her husband's death in a riding lawn mower rollover accident. The district court granted summary judgment in favor of Defendant on all claims and dismissed this action. Now, Defendant asks the court to tax costs in the total amount of $23,069.04 against Plaintiff either individually or in her capacity as the administratrix of her husband's estate. Plaintiff claims that neither she nor her husband's estate can afford to pay costs, that some of Defendant's claimed costs are not compensable, and requests alternatively that the court stay any imposition of costs pending an appeal of the summary judgment decision. I have carefully considered the record, the legal arguments submitted, and the applicable law, and **RECOMMEND** that Defendant's motion for bill of costs (Dkt. No. 218) be **DENIED**.

## BACKGROUND

The facts of this case are fully set forth in the district court's October 19, 2015, Memorandum Opinion and Order (Dkt. Nos. 216 and 217) granting Defendant's motion for

summary judgment. In brief, on July 16, 2013, Plaintiff's Decedent, Chester Cecil Norris ("Mr. Norris") was killed while mowing grass using a zero-turn radius riding lawn mower manufactured by Defendant when the mower slid down a wet embankment, rolled over, and landed on top of him. Plaintiff's single-count complaint alleged that Defendant negligently designed, manufactured, and distributed the mower without a roll-over safety frame. The district court granted Defendant's motion for summary judgment on October 19, 2015, and dismissed the case the same day. Defendant filed its motion for a bill of costs on November 2, 2015. Dkt. No. 218. Plaintiff filed her notice of appeal on November 9, 2015. Dkt. No. 220.

## STANDARD OF REVIEW

A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1). The district court does not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964) overruled on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Rather, the court may only tax those costs authorized by statute. Constantino v. American S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978); Fells v. Virginia Dep't. of Transp., 605 F. Supp. 2d 740, 742–43 (E.D. Va. 2009). Generally, six categories of costs are taxable: (1) clerk and marshal fees; (2) transcript fees; (3) printing and witness fees; (4) copying fees; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, interpreters, and special interpretation services. See 28 U.S.C. § 1920. The court has wide latitude to award costs, so long as the costs are enumerated in § 1920. Centennial Broad., LLC v. Burns, Civ. Action No. 6:06–cv–006, 2007 WL 1839736, at *1 (W.D. Va. June 22, 2007). In defining the parameters of this statute, "'it is generally recognized that

2

Case 5:14-cv-00029-MFU-RSB   Document 232   Filed 01/27/16   Page 2 of 8   Pageid#: 6554

courts may interpret the meaning of items listed in § 1920.'" Fells, 605 F. Supp. 2d at 742 (quoting BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 419–20 (6th Cir. 2005)).

Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). The prevailing party bears the initial burden of demonstrating that the requested costs are allowable under § 1920. Mayse v. Mathyas, Civ. Action No. 5:09–cv–100, 2010 WL 3783703, at *1 (W.D. Va. Sept. 38 2010). The burden then shifts to the losing party to show the impropriety of taxing the proposed costs. Mayse, Civ. Action No. 5:09–cv–100, 2010 WL 3783703, at *1. The court must justify any decision to depart from this rule by "articulating some good reason for doing so." Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

When costs are awarded, the amount should be limited to those "reasonably necessary at the time" they were incurred. LaVay Corp. v. Dominion Fed. Sav. & Loan Assn., 830 F.2d 522, 528 (4th Cir. 1987). This standard "will obviously involve some subjective judgment by the court," because "[l]awyers will often disagree about what is 'reasonably necessary' to prepare for a trial." Jop v. City of Hampton, Va., 163 F.R.D. 486, 488 (E.D. Va. 1995). Thus, "[t]he court

3

must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case." Id.

## ANALYSIS

Defendant seeks to recover $23,069.04 in costs. That amount represents hearing transcript costs of $1,774.90, the cost of transcribing seventeen depositions for a total of $21,054.14, and witness attendance fees totaling $280 for seven fact witnesses. Defendant is the prevailing party in this case, and is entitled to the recovery of costs allowable under § 1920. Plaintiff argues that she should not be held personally liable for costs because she brought his action in her capacity as the administratrix of Mr. Norris' estate. She also argues that both she and the estate are unable to pay the requested costs. Alternatively, Plaintiff requests that the amount of costs be reduced to exclude the cost of hearing transcripts ($1,774.90, which includes costs for expedited transcripts) and video copies of the depositions ($3,684.62) because these items were not reasonably necessary. Plaintiff also requests the court defer the assessment of costs pending the outcome of her appeal.

**Personal Liability of an Administrator**

Plaintiff argues that she should not be personally liable for the costs of this litigation because she is simply the administratrix of Mr. Norris' estate. Bringing suit as a personal representative does not shield Plaintiff from individual responsibility for costs imposed pursuant to Rule 54(d)(1). "[T]he general policy is to hold personal representatives, like other litigants, liable for the costs of unsuccessful litigation conducted by them." In re: Butler, 20 F. Supp. 995, 997 (W.D. Va. Sept. 15, 1937). This is so because when a plaintiff sues for the wrongful death of her decedent, the cause of action is brought for the benefit of the statutory beneficiaries and not for the decedent's estate. Id. at 997. Executors and administrators are not personally liable for

4

costs when of litigation "conducted by them in good faith, as to transactions arising <u>during the lifetime</u> of their decedent." <u>Id.</u> at 999 (emphasis added); <u>see also</u> <u>Bernstein v. Brenner</u>, 320 F. Supp. 1080, 1088 (D.D.C. 1970) (restating the same); <u>Zimmerman v. Novartis Pharmaceuticals Corp.</u>, No. RWT 08-CV-2089, 2014 WL 1492716, at *3 (D. Md. Mar. 19, 2014) (rejecting the argument that a plaintiff should not be held liable for costs solely because of her status as administratrix) (citing <u>Hogan v. Novartis Pharm. Corp.</u>, Civ. Action No. 06-260(BMC), 2012 WL 5898473, at *5 (E.D.N.Y. Nov. 20, 2012)). Plaintiff has cited no other law to support the proposition that, as an administratrix, she cannot be held personally liable for the costs incurred in this case and the court has found none. Plaintiff brought this case both as an administratrix and as a statutory beneficiary of Mr. Norris. Therefore, Plaintiff may be held legally liable for the costs Defendant incurred in defending this case unless there exists some other basis for rejecting an award of costs all together.

**Ability to Pay**

Plaintiff contends by sworn affidavit that both she and the estate are unable to pay the costs Defendant seeks, that the appraised value of Mr. Norris' probate estate at the time of probate was $1,750, and that the non-probate estate included a mobile home trailer worth approximately $5,000. Dkt. No. 230. Individually, Plaintiff is sixty-five years old, does not own a home or any real property, does not maintain an investment portfolio, and is unable to work. She receives $1,310.90 per month in Social Security benefits and $341.34 per week in workman's compensation benefits for the death of her husband,[1] bringing her monthly income to approximately $2,675. She also received a $15,000 benefit from a life insurance policy.

---

[1] Plaintiff states that the workman's compensation benefit will cease in approximately 2022.

A party's inability to pay may justify a denial of costs to the prevailing party as long as she pursued her case in good faith. Ellis, 434 F. App'x at 235. Courts in this district have frequently declined to award costs when the unsuccessful party is of limited financial means. See Lucas v. Shively, 7:13CV00055, 2015 WL 2092668, at *3 (W.D. Va. May 5, 2015) (finding an inability to pay the defendants' costs of approximately $6,300 when the plaintiff earned $14.00 per hour, supported a spouse and two children, and lived in his parents' basement for $150 per week in rent); Green v. Winchester Med. Ctr., No. 5:13CV00064, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015) (finding that the plaintiff's earnings from a minimum wage grocery store job, along with her physical limitations, "mitigates against an award of costs" of more than $23,000); but see Walker v. Mod-U-Kraf Homes, LLC, No. 7:12CV00470, 2015 WL 4400227, at *4 (W.D. Va. July 17, 2015) (awarding costs of $2,402.70 against a plaintiff whose only evidence of inability to pay consisted of her testimony that she earned $8.11 per hour working as a teacher's assistant in the public school system); Arthur v. Pet Dairy, No. 6:11CV00042, 2013 WL 6228732, at *2–3 (W.D. Va. Dec. 2, 2013) (finding the plaintiff's claim of an inability to pay costs in the amount of $3,081.87 to be "too tenuous" when the only testimony regarding the plaintiff's income was his statement that he made $8.00 per hour working part time and received Social Security benefits because there was no additional evidence of hardship submitted by the plaintiff). Ultimately, it is incumbent upon Plaintiff to establish that her financial circumstances are sufficient to overcome the presumption that favors the court awarding costs to the prevailing party. Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).

Here, Plaintiff is an elderly woman of limited means whose income is likely going to decrease over time. She is likely unable to pursue employment given her age, lack of recent work experience, and her physical ailments. A $23,069.04 bill for costs creates a financial hardship

from which she would likely never fully recover. Likewise, the estate contains minimal assets, the sale of which could not cover the costs Defendant seeks. Taxing the estate would also create a financial hardship for the estate's beneficiaries, which include Plaintiff. Accordingly, I find that neither Plaintiff nor the estate has "'the effective ability to satisfy the prevailing party's bill of costs.'" Green v. Winchester Med. Ctr., No. 5:13CV00064, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015) (quoting Cherry, 186 F.3d at 447)).

Defendant does not argue that Plaintiff's claim was frivolous, and it appears to the court that her case was pursued in good faith despite the unsuccessful outcome. Accordingly, I find that Plaintiff has met her burden to overcome the presumption in favor of an award of costs and I recommend that costs should not be awarded in this case.[2]

## CONCLUSION

For the reasons set forth above, I hereby **RECOMMEND** that Defendant's motion for bill of costs (Dkt. No. 218) be **DENIED**.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as

---

[2] Having recommended denial of Defendant's motion for a bill of costs, it is unnecessary to address the remaining challenges as to the reasonableness of the amounts claimed and the request for a stay pending the resolution of the appeal.

7

well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

    It is so **ORDERED**.

                                Entered: January 26, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge